## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DARA BETH WEBMAN, | : | MOTION TO VACATE |
| BOP ID 64347-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:16-CV-3968-SCJ-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:15-CR-149-SCJ-CMS |

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Dara Beth Webman's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  *See* [13].  For the following reasons, the undersigned **RECOMMENDS** that (i) Webman's § 2255 motion be **SUMMARILY DISMISSED** and (ii) a Certificate of Appealability be **DENIED**.

Webman was a "front office" employee of Premier Medical Management, a business co-owned and operated by her father and uncle that dispensed controlled substances in violation of federal law.  *See* [13] at 5; *see also United States v. Webman*, No. 1:13-CR-25-SCJ (N.D. Ga. 2013) [1 therein].  Six defendants, including Webman, were named in a multi-count Superseding Indictment.  *See id.* [33 therein].

After extensive negotiations, Webman pleaded guilty to a single count Information filed in a new case, with the understanding that the more serious charges against her in the original case would be dismissed. *See* [4] & [4-1]. All parties acknowledged at sentencing that this amounted to a "charge bargain." *See* [15] at 12 & 28-30. One significant benefit to Webman was that it permitted her to argue (and the Court to find) that she should be held responsible for only a small fraction of the total quantity of controlled substances illegally dispensed by her co-defendants. *See* [15] at 11-15.

Two other provisions of Webman's Plea Agreement are also noteworthy. First, the parties agreed that the government would recommend a term of imprisonment of 18 months, subject to possible reduction for cooperation. *See* [4-1] at 12. Second, Webman "voluntarily and expressly waive[d] . . . the right to collaterally attack her conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255)." *Id.* at 16-17.

In January 2016, Webman received the sentence she had bargained for and that the government had agreed to recommend, including an 18-month term of imprisonment. *See* [11].

In contrast, it appears that Webman's father and uncle received considerably harsher sentences and are serving terms of imprisonment of 120 and 132 months. *See United States v. Webman*, No. 1:13-CR-25-SCJ (N.D. Ga. 2013) [275 therein] & [277 therein]. Two of the three other defendants in the original case also received longer sentences than Webman. *See id.* [265 therein] & [281 therein].

Webman has nevertheless now filed a § 2255 motion, "asking and pleading for relief of this sentence" in view of her "minor role." *Id.* at 13. Webman's request for a sentence reduction, however, states no cognizable claim under § 2255.

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). Rather, § 2255 provides for the grant of relief only in the extraordinary circumstance where a federal court has imposed sentence (1) "in violation of the Constitution or laws of the United States," (2) in the absence of "jurisdiction to impose such sentence," (3) "in excess of the maximum authorized by law," or (4) in other limited circumstances. 28 U.S.C. § 2255(a). When dealing with non-constitutional claims of error, "a district court lacks the authority to review the alleged error 'unless the

claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice.'" *Spencer*, 773 F.3d at 1138 (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). The Supreme Court has stated that a "lawful" sentence does not "constitute a miscarriage of justice." *Addonizio*, 442 U.S. 186-87.

Webman has not argued–and undersigned can discern no reasonable basis upon which she might argue–that her sentence was "unlawful." Webman's sentence, therefore, is not subject to attack under § 2255.

Moreover, even if Webman could, in the abstract, attack her sentence under § 2255, she has not alleged any facts that would warrant a finding that the collateral-attack waiver in her Plea Agreement is unenforceable.

A collateral-attack waiver is valid if the plea agreement of which it is a part is valid. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015). Only where "'the agreement is involuntary, or otherwise unenforceable,'" is the included collateral-attack waiver also unenforceable. *Id.* (quoting with approval *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995), and collecting cases from other circuits)).

Webman has argued that her collateral-attack waiver should not be enforced for the following reasons: "[f]irstly," because she was punished

4

for being named Webman, as other front office employees were not indicted; "[s]econdly," because she was "completely misled in all different directions by [her] own appointed attorney"; "[t]hirdly," because her attorney told her she would be receiving a "substantial" sentence reduction for cooperation; "[f]ourthly," because "prison time was never discussed . . . until [my attorney] brought prison to my attention for the first time in 3 years of fighting this case, literally five minutes" before the sentencing hearing began; and, "[f]ifthly," because her attorney did not consult with her during the course of the sentencing hearing and left immediately after the hearing ended, leaving "a confused client behind with thousands of questions and all his hidden secrets." [15] at 3-6.

The most concrete and significant of these allegations is contradicted by the record of prior proceedings. Webman signed her Plea Agreement in May 2015, explicitly acknowledging that she understood that the government would recommend an 18-month term of imprisonment; this occurred more than eight months before she was sentenced in January 2016. *See* [4-1]. Webman thus plainly knew that "prison time" was "discussed" more than "five minutes" before her sentencing hearing began.

Furthermore, the Plea Agreement made clear that while the government would "make the extent of the Defendant's cooperation known to the sentencing court," the government retained substantial discretion to determine whether (or not) to file a motion recommending a downward departure for that cooperation. *See id.* As Webman's own filing (attaching her sentencing hearing transcript) makes clear, the government fulfilled its obligations by informing the Court of the extent of Webman's cooperation. *See* [15] at 25. The government's election not to file a motion seeking a downward departure was permitted by the terms of the Plea Agreement and federal law. *See generally Wade v. United States*, 504 U.S. 181, 185-86 (1992).

Similarly, the government possesses substantial discretion to determine whom to indict (and whom not to indict), provided it does not exercise its discretion in a constitutionally-prohibited manner. *See, e.g., Wayte v. United States*, 470 U.S. 598, 607 (1985). Webman cannot complain that she was the only "front office" employee the government elected to prosecute, absent a showing that the government violated the Constitution in choosing to indict her.

Finally, Webman does not identify in her § 2255 filings any actual instance in which her attorney "completely misled" her. Similarly, Webman earlier declined an invitation to address the Court during sentencing, and she identified then no instance in which her attorney allegedly omitted or misstated important information, failed to consult with her, or misled her. *See* [15] at 25. Webman's allegations with respect to her attorney's representation of her are so vague and conclusory that they cannot be reasonably construed to charge ineffective assistance, and Webman does not otherwise offer anything to warrant finding that her Plea Agreement was involuntary or is otherwise unenforceable.

For all of the foregoing reasons, Webman's § 2255 motion should be summarily dismissed because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255, Rule 4.

In addition, a Certificate of Appealability should be denied in this case because Webman does not meet the requisite standards. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (requiring a two-part showing (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *and* (2) "that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling"); *see also Spencer*, 773 F.3d at 1138 (holding that the *Slack v. McDaniel* standard will be strictly applied prospectively).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 17th day of January, 2017.

_Catherine Salinas_
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE